UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SOPHAL LIM,<br><br>Defendant. | Case No. CR13-54RSL<br><br>ORDER DENYING MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582 |

This matter comes before the Court on defendant's *pro se* motion for modification of his sentence pursuant to 18 U.S.C. § 3582,[1] Dkt. # 245, which the government opposes, Dkt. # 250. Having reviewed the parties' briefing and the relevant record, the Court DENIES the motion for the reasons that follow.

In September 2013, defendant Sophal Lim pleaded guilty to various counts related to a conspiracy to manufacture marijuana. Dkt. # 96. On December 9, 2013, the Court sentenced defendant to 60 months' imprisonment, the mandatory minimum, followed by four years of supervised release. Dkt. ## 150, 171. On December 8, 2014, defendant moved to reduce his sentence pursuant to 18 U.S.C. § 3582 on the basis of Amendment 782 to the United States Sentencing Guidelines; the Court denied this motion in June 2015, Dkt. # 242.

---

[1] Though defendant's motion is captioned "Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582" and appears to request relief under that provision, the body of his motion cites only 18 U.S.C. § 3621. The Court analyzes defendant's motion as a request for relief under 18 U.S.C. § 3582.

ORDER - 1

On January 17, 2017, defendant filed this motion to modify his sentence under 18 U.S.C. § 3582. That provision authorizes courts to reduce a previously imposed sentence in light of "extraordinary and compelling reasons" warranting such a reduction, the defendant's advanced age, or subsequent amendments to the Sentencing Guidelines. In his current motion, defendant does not appear to request a sentence reduction; rather, defendant asks the Court to grant him twelve months in a halfway house, followed by six months of home confinement, so that defendant can take advantage of computer training and career guidance available at the halfway house. Dkt. # 245.

As the government points out, defendant has cited no legal authority suggesting that he may obtain this relief pursuant to 18 U.S.C. § 3582, but defendant may nonetheless be able to obtain some of the support he seeks once he is released from custody (anticipated in June 2018). Specifically, defendant has been sentenced to a four-year term of supervised release, which will begin when he is released from custody and will require an assigned probation officer to work with defendant as he transitions back into society. When defendant begins his term of supervised release, he may discuss his need for computer training and other assistance with his probation officer, and the probation officer may request a modification of the terms of defendant's supervised release to help achieve defendant's employment goals, if necessary. Consideration of defendant's requests at this time, however, is premature.

Accordingly, defendant's motion is DENIED.

DATED this 23rd day of March, 2017.

Robert S. Lasnik
United States District Judge

ORDER - 2